Justice NEWBY dissenting.
I fully join Justice Morgan's dissent in this case. I write separately to explain that I also dissent on the basis of the rationale stated in the dissenting opinion in State v. Rankin , --- N.C. ----, ----, 821 S.E.2d 787, 801-11 (2018) (Martin, C.J., dissenting) (discussing the progression of indictment jurisprudence and concluding that the Criminal Procedure Act "reveals significant evidence" indicating that flaws in indictments should no longer be considered jurisdictional matters).
The purpose of an indictment is to notify the defendant of the charges against him and to protect him against being tried twice for the same offense (double jeopardy). Here the indictment fulfilled those purposes as defendant was fully aware of the charges against him. He confessed to his wrongful conduct. He was tried and convicted; jeopardy attached. Yet, based on archaic decisions predating notice pleading under the Criminal Procedure Act, the majority concludes defendant's indictment is technically inadequate. Once again, a child victim must endure the emotional distress and indignities of another trial because of a purely legal technicality. It is this type of legal gamesmanship which leads to cynicism about whether justice prevails in our criminal justice system.